# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI

**LINDSEY FARMER individually,**
**and LARRY FARMER, individually**
**on behalf of the minor, C. F.**   CASE NO.
3184 Pennington Lane
Williamsburg, Ohio 45176

    Plaintiff,

    -vs‑

**CLERMONT NORTHEASTERN**
**MIDDLE SCHOOL**
2792 U.S. 50
Batavia, Ohio 45103

**LAURA NAZARENE**
2792 U.S. 50
Batavia, Ohio 45103

**CHARLES BOOTHBY**
2792 U.S. 50
Batavia, Ohio 45103

**ROBERT SCOTT LLOYD AND**   **VERIFIDED**
   **COMPLAINT WITH**
**STEPHANIE LLOYD**   **JURY DEMAND**
5662 Marathon Edenton Road   **ENDORSED HEREON**
Williamsburg, Ohio 45176

**AMBER WERNER**
5969 Werner Lane
Goshen, Ohio 45122

Various John Does 1-10

And

Various Jane Does 1-10

    Defendants.

1

Now comes Plaintiffs, Lindsey Farmer individually, Larry Farmer, individually, and on behalf of the minor, C. F., by and through counsel, and for their Complaint, states as follows:

This is an action for money damages to redress the deprivation of rights and other state claims for conduct by Defendants Clermont Northeastern Middle School, Clermont Northeastern School District, Lauren Nazarene, Charles Boothby, Robert Scott Lloyd, Stephanie Lloyd, Amber Werner and other John Does and Jane Does of the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII, the Rehabilitation Act, 5 U.S.C. §1502, the Americans with Disabilities Act of 1990, the Family Educational Rights Privacy Act, 20 U.S.C. §1232g et seq. and the Constitution and laws of the State of Ohio. The Defendants have caused Plaintiffs to remove themselves from the community which denied Plaintiff C.F. from received his entitled treatment in violation of the Americans with Disabilities Act of 1990. Plaintiffs suffered severe financial harm from conduct of Defendants and wrongfully in violation of public policy, which was a result from permanent injuries that were created and aggravated by the misconduct of the Defendants.

## JURISDICTION AND VENUE

1.	This action arises under the Rehabilitation Act, 5 U.S.C. §1502 and the Americans with Disabilities Act of 1990, the Family Educational Rights Privacy Act, 20 U.S.C. §1232g et seq. and the principal of pendent jurisdiction.

2.	This action also includes the state law violations of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, libel and false light

3.	The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is appropriate in the district pursuant to 28 U.S.C. §1391(b), because During relevant time, Defendant were residing in or had agents or transacted their illegal conduct in this district. Venue is also appropriate in this district because this is the judicial district in which the claims arose. Venue is also appropriate in this district because of the exclusive jurisdiction concerning violations of the Rehabilitation Act, 5 U.S.C. §1502 and the Family Educational Rights Privacy Act, 20 U.S.C. §1232g et seq.

5. The acts constituting the violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Southern District of Ohio.

**PARTIES**

1. Plaintiffs Lindsey Farmer ("Ms. Lindsey") and Larry Farmer ("Mr. Farmer") are wife and husband, residing at 3184 Pennington Lane, Williamsburg, Ohio 45176, are the parents of the minor, C. F., ("C.F."). Lindsey Farmer and Larry Farmer brings this suit individually and on behalf of C.F. who is a student at Defendant CNE School.

2. Defendant CNE School is a public high school in northeastern Clermont County, Ohio. CNE School provides mental health services to its students.

3. Defendant Lauren Nazarene is the Principal of the Clermont Northeastern Middle School, upon information and belief has a business address at 5327, Batavia, Clermont County, Ohio 45103.

4. Defendant Stephanie Lloyd (Ms. Lloyd") upon information and belief, resides at 5662 Marathon Edenton Road, Williamsburg, Ohio 45176.

5. Defendant Mitchell Werner ("Mr. Werner"), upon information and belief, resides at 5969 Werner Lane, Goshen, Ohio 45122.

6. Defendant Amber Werner ("Ms. Werner"), upon information and belief, resides at 5969 Werner Lane, Goshen, Ohio 45122. Both Mr. Werner and Ms. Werner are husband and wife and they are jointly referred to as "Werners,"

**STATEMENT OF FACTS**

7. C.F. was a 6th grader at the CNE School and a participant in the Social Communication program to target his behavioral needs.

8. He is diagnosed with Oppositional Defiant Disorder, Other Specified Anxiety Disorders, ADHD, and Autism. He lives with his parents and three sisters in Clermont County, Ohio.

9. C.F. attended a half-day behavior program since second grade due to his struggles in regulating emotions, expressing his thoughts and feelings, and following directions without arguing.

10. From third through fifth grade, C.F. started attending a full-day school-based behavior academic unit.

11. In the sixth grade a paraprofessional support, C.F. was scheduled to attend all classes within the general education setting.

12. C.F. has behavioral issues in identifying his feelings and emotions, identifying and managing anxiety, crisis intervention, and prevention.

13. The paraprofessional provides corrective feedback to C.F. promoting expected school behavior, outlining expectations, and assisting in monitoring daily behaviors.

14. C.F. also receives mental health services at the school.

15. As part of his therapy program, C.F. had to list down the names of people who cause him to get upset.

16. The therapy was to provide C.F. with a method of calming down over

situations or persons that cause him to feel upset.

17. Accordingly, C.F. on October 14, 2022, prepared a list of people who caused him to feel upset and included his name in it (the "Incident"). The Incident did not involve any threat to others by any form of violence or use of a weapon.

18. However, the Incident took a different turn when a parent of another student from CNE School raised a complaint regarding the list C.F. prepared on or about October 16, 2022.

19. According to her, she heard her son talking with other kids that C.F. had a hit list and was going to shoot the students on the list. The news spread among other parents. The parents and the CNE School authorities contacted the law enforcement authorities to look into the matter.

20. Deputies Ernest Dutane ("Deputy Ernest"), Crouch William ("Deputy Crouch"), and Patton Rayan ("Deputy Patton") were involved in investigating the matter.

21. Deputy Patton met the school administrator and found that the information being circulated was false. According to the administrator, the list C.F. prepared was not a hit list and was only a list of people who made him mad. The administrator also informed Deputy Patton that the list also had C.F.'s name on it.

22. The school administrator also advised that there is no threat involved and had C.F. rip up the list and place it in the trash.

23. Other students and staff who saw the list C.F. prepared confirmed that it was not titled "hit list" but at the top, it was written either "people who make me angry" or "people who make me mad."

24. Because of the complaint, Deputy Ernest and Cpl. Cooper Daniel called C.F.'s mother to enquire about C.F. having a gun. She assured them that C.F. did not have any access to guns.

25. The Sheriff's Department concluded that there was no criminal issue involved in the matter and it was left for the school to handle the matter.

26. However, this issue was widely spread among people and there were several public discussions and media releases on this matter.

27. Meanwhile, on October 16, 2022, Ms. Lloyd made a public post on her Facebook account that "[a] certain child with violent tendencies and a history of violent behavior made a "hit list" 15 names of students and administrators and said he had a 45 caliber." **(Exhibit A).**

28. Ms. Werner commented on Ms. Lloyd's post that her child's name was on the said list twice.

29. Ms. Lloyd went on to say that C.F. has a history of violent behavior and that he should be charged for the incident. (**Exhibit B**).

30. Apart from these, Ms. Lloyd and Ms. Werner made several public posts on C.F.'s purported hit list that caused great reputational harm to both C.F. and his family.

31. C.F. and his family were harassed to such an extent that living in their home became difficult for them. As a result, they left their residence and now live in a camping trailer.

## COUNT ONE
## NEGLIGENCE AGAINST DEFENDANT CNE SCHOOL

32. Plaintiff hereby incorporates by reference all of the allegations and averments set forth above as if fully rewritten herein.

33. C.F. is a 6th grader at the CNE School suffering from Insomnia, Depression, ADHD, and Active Autism Disorder.

34. CNE School provides behavioral programs to its students as mental health services.

35. C.F. receives mental health services from CNE School to meet his

6

behavioral problems.

36. CNE School and its staff owed a duty of care towards all its students, including C.F..

37. CNE School and its agents, employees, or staff failed in their duty when they mishandled the Incident that was a part of CNE School's therapy program under the mental health services.

38. CNE School breached its duty towards C.F., a student who requires their support during the therapy and mental health services.

39. CNE School and its staff's conduct related to the Incident and reliance on other parents' misinterpretation of it to be a "hit list" to accuse C.F. of causing a serious threat to fellow students at the school is a breach of duty that caused C.F. damages.

40. CNE School authorities were aware that C.F. prepared the list only as part of a therapy program but failed to convince or make the other parents understand the intention of the list.

41. Even though Defendant Nazarene as principal of CNE School confirmed that the alleged list was a therapy of providing C.F. with a method of calming down over situations or persons that caused him to feel upset, the school authorities negligently failed to resolve the issue effectively.

42. It is understood that Defendants Nazarene and Boothby provided medical information to others including Defendants Lloyd and Defendant Werner in violation of C.F.'s right to protection under FERPA and HIPPA.

43. As a result of CNE School's failure, the news about the Incident got widely spread causing a huge public discussion on this in social media and news publications causing panic to other parents, including the Plaintiff and the Farmer family.

44. CNE School and its staff acted negligently by failing to update correct

information in their social media accounts and news media that ultimately caused uncertainty and panic among parents, especially Plaintiff.

45. As a result of CNE School's failure, the parents of other students published false information about C.F. on their social media accounts, such as Facebook where several parents raised concerns about the safety of their children and framed C.F. as a threat to other students.

46. CNE School's actions breached the reasonable standard of care.

47. As a direct and proximate result, the Plaintiff is severely harmed and mentally injured.

48. These injuries include but are not limited to, pain, suffering, loss of education, loss of income, and loss of enjoyment of life for the Plaintiff's family because the community harassed Plaintiff's family to the point that the family has to move away from its residence and living at a camping trailer.

49. As a direct and proximate cause of the CNE School's negligence, the Plaintiff is entitled to compensatory and special damages over the jurisdictional minimum,, attorney fees, and costs associated with this action.

## COUNT TWO
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

50. Plaintiff hereby incorporates by reference all of the allegations and averments set forth above as if fully rewritten herein.

51. CNE School, Nazarene and Boothby negligently failed to support and care for its student, C.F., fully knowing his innocence related to the Incident.

52. CNE School, Nazarene and Boothby negligently caused Plaintiff emotional distress when they failed to explain the Incident to the public and thereby mishandled the Incident causing emotional distress to C.F., a student who is under mental health therapy

that requires CNE School's genuine care and support.

53. CNE School, Nazarene and Boothby's mishandling of the Incident led to the misinterpretation of the list of names C.F. prepared, as part of his internal therapy program and the wide range of negative public discussions on it.

54. CNE School, Nazarene and Boothby's failure to properly involve in the discussions to explain the truthfulness of the Incident caused other parents to publish false information in social media and news publications causing severe emotional distress to the Plaintiff.

55. CNE School, Nazarene and Boothby caused severe emotional distress to C.F. and his family to such an extent that they had to leave their home and are now living in a camping trailer.

56. CNE School, Nazarene and Boothby were aware of C.F.'s mental condition and yet failed to properly handle the Incident that framed him as a threat to his fellow students causing severe emotional distress to Plaintiff and family.

57. Ms. Lloyd's publication on her Facebook account without confirming the truth of the allegations against C.F. added to Plaintiff's emotional distress.

58. Ms. Lloyd and Mr. Lloyd's false statements that C.F., has a history of violent behavior and that he talked about a 45 caliber are extreme and outrageous.

59. Ms. Werner added to the emotional distress of Plaintiff when she commented on Ms. Lloyd's post that her child's name was on the alleged "list" twice when in reality she had not even seen the list.

60. Ms. Lloyd, Mr. Lloyd and Ms. Werner made public statements targeting C.F. and his family without knowing the truth and CNE School did nothing to correct the misunderstanding or incorrect social media posts and comments and so all this conduct was extreme and outrageous towards Plaintiff and his family causing severe emotional

distress.

61. Upon information and belief, CNE School and its staff failed to convey the proper information related to the Incident to the parents caused Ms. Lloyd and Ms. Werner to make false statements on the social media platforms against a helpless child causing severe emotional distress to him and his family, the Plaintiff.

62. CNE School failed to make any efforts in public or otherwise to correct the social media misstatements of Ms. Lloyd and Ms. Werner or to bring in public the actual facts related to the Incident.

63. Upon information and belief, the acts and omissions of Defendants alleged hereinabove were committed with the intention or reckless disregard with the possibility of causing Plaintiff and his family mental and emotional distress.

64. On information and belief, the acts and omissions of all the Defendants alleged hereinabove were outrageous, atrocious, heinous, and so extreme as to exceed all bounds that are usually tolerated in a civilized community and were and are shocking to the conscience of that community.

65. The emotional distress endured by Plaintiff and his family directly and proximately results from the negligent behavior of all the Defendants.

66. As a direct and proximate result of the actions and conduct of all the Defendants, Plaintiff and his family suffered emotional harm that may be generally recognized and diagnosed by professionals trained to do so.

67. As a direct and proximate cause of the Defendants' actions, the acts that caused negligent infliction of emotional distress to Plaintiff, the Plaintiff is entitled to compensatory and special damages that exceed the jurisdictional minimum, punitive damages, attorney fees, and costs associated with this action.

## COUNT THREE
## LIBEL AGAINST DEFENDANTS LLOYDS AND WERNER

68. Plaintiff hereby incorporates by reference all of the allegations and averments set forth above as if fully rewritten herein.

69. Ms. Lloyd, Mr. Lloyd and Ms. Werner's false and negative statements about C.F. were published on Facebook, a social media site, and were available to the public at large, and for all to see.

70. November 3, 2022, Clermont County Sheriff's Office notification shows that there is no criminal act involved in the Incident and C.F. did not have any access to any firearms as published on social media.

71. Ms. Lloyd and Ms. Werner's false posts or statements on social media about C.F. carry a defamatory meaning that it framed C.F. as a threat to his fellow students thereby impugning his character and integrity.

72. Ms. Lloyd and Ms. Werner posted statements about C.F. fully knowing that the statements were false or with reckless disregard for the accuracy of the statements published.

73. Both Ms. Lloyd and Ms. Werner, without seeing the alleged list of names written by C.F. or hearing what he said while preparing the list, posted this highly defamatory statement against him to a social media public platform.

74. As a direct and proximate result of Ms. Lloyd, Mr. Lloyd and Ms. Werner's acts, Plaintiff has suffered unwanted reputational and mental harm from the public, including the students, parents, and neighbors.

75. As a direct and proximate result of the actions and conduct of Ms. Lloyd, Mr. Lloyd and Ms. Werner, the Plaintiff and family suffered reputational harm to the point that they had to move away from their residence and were compelled to live in a camping trailer.

76. As a direct and proximate cause of the Ms. Lloyd, Mr. Lloyd's and Ms.

Werner's actions the Plaintiff is entitled to compensatory and special damages exceeding the jurisdictional minimum, punitive damages, attorney fees, and costs associated with this action.

## COUNT FOUR
## FALSE LIGHT CLAIM AGAINST DEFENDANTS LLOYDS AND WERNER

77. Plaintiff hereby incorporates by reference all of the allegations and averments set forth above as if fully rewritten herein.

78. Ms. Lloyd, Mr. LLoyd and Ms. Werner published or made false and defamatory statements about C.F. on social media or to other persons that were made to the public at large opening the Incident to a public discussion.

79. The false statements about C.F. placed Plaintiff and family in false light before the public.

80. The false statements published or made against C.F. are highly offensive to a reasonable person because they portrayed C.F. as a dangerous threat to his fellow students.

81. Ms. Lloyd, Mr. Lloyd and Ms. Werner knew or were reckless in the falsehood of the statements that portrayed C.F. as a threat to his fellow students based on a purported "hit list."

82. Ms. Lloyd, Mr. Lloyd and Ms. Werner acted recklessly, wantonly, and maliciously as to the falsity of the publicized posts or statements related to the Incident and the false light in which it placed Plaintiff.

83. Ms. Lloyd, Mr. Lloyd and Ms. Werner knew or should have known that the publicized matter regarding C.F. would cause him and his family to be placed in false light damaging them in the community.

84. As a direct and proximate result of Ms. Lloyd, Mr. Lloyd's and Ms. Werner's conduct, Plaintiff and family suffered and will continue to suffer damages for

which Ms. Lloyd, Mr. Lloyd and Ms. Werner are liable, including but not limited to, harm to Plaintiff's reputation and the family's reputation.

85. As a direct and proximate cause of Ms. Lloyd and Ms. Werner's aforesaid actions, the Plaintiff is entitled to punitive, compensatory, and special damages in an amount that exceeds the court's jurisdiction, punitive damages, attorney fees, and costs associated with this action.

## COUNT FIVE
## FERPA VIOLATIONS AGAINST DEFENDANT CNE SCHOOL

86. Plaintiff hereby incorporates by reference all of the allegations and averments set forth above as if fully rewritten herein.

87. CNE School interfered with C.F.'s exercise and enjoyment of the rights secured by the laws of the United States - namely the protection afforded by the Family Educational Rights and Privacy Act.

88. CNE School never obtained C.F.'s parents' permission to reveal his confidential medical information to the public.

89. As a direct and proximate result of the actions and conduct of CNE School, Plaintiff suffered and continue to suffer the loss of fundamental statutory rights, extreme emotional pain and suffering, and loss of educational and developmental opportunities.

90. As a direct and proximate result of CNE School's conduct, Plaintiff is entitled to damages, up to a maximum of three times the amount of actual damages, special and general damages, but in no case less than the court's jurisdictional minimum, and any attorney fees that the Court may determine.

WHEREFORE, Plaintiffs Lindsey Farmer, individually, Larry Farmer, individually, and on the behalf of the minor, C.F., respectfully requests that this Court award compensatory, punitive, and special damages including economic and non-economic damages in excess of the jurisdictional amount of $75,000 on all counts,

attorney's fees, and all other relief deemed appropriate in law or equity.

                                  Respectfully submitted,
                                  THE GREEN LAW FIRM., L.P.A.

                                  /s/ F. Harrison Green
                                  F. Harrison Green,
                                  Trial Attorney for Plaintiff
                                  Ohio Supreme Court Reg. #0039234
                                  Executive Park, Suite 230
                                  4015 Executive Park Drive
                                  Cincinnati, Ohio 45241
                                  Tel. (513) 769-0840
                                  Fax (513) 563-2953
                                  Email: fhgreen@fuse.ne

## JURY DEMAND

Plaintiff requests that this matter be tried before a jury of their peers.

                                  /s/ F. Harrison Green
                                  F. Harrison Green
                                  Trial Attorney for Plaintiff