## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| LINDSEY FARMER and LARRY FARMER, individually and on behalf of minor C.F., | : : : | Case No. 1:23-cv-237 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| CLERMONT NORTHEASTERN MIDDLE SCHOOL, et al., | : : : | |
| Defendants. | : : | |

### ORDER AND OPINION

This matter is before the Court on Defendants Clermont Northeastern Middle School ("CNE"), Laura Nazarene, and Charles Boothby's Motion to Dismiss (Doc. 16), Defendant Robert Lloyd's Motion to Dismiss (Doc. 18), and Defendant Stephanie Lloyd's Motion to Dismiss (Doc. 19). Each motion has been fully briefed. (*See* Docs. 21-22, 25-26.) Thus, these matters are ripe for the Court's review.

For the reasons below, Defendants CNE, Laura Nazarene, and Charles Boothby's Motion to Dismiss (Doc. 16) is **GRANTED IN PART AND DENIED IN PART AS MOOT**, Defendant Robert Lloyd's Motion to Dismiss (Doc. 18) is **DENIED AS MOOT**, and Defendant Stephanie Lloyd's Motion to Dismiss (Doc. 19) is **DENIED AS MOOT**.

### ALLEGED FACTS

Plaintiffs are the parents of C.F., a disabled, minor child who attended CNE. (Compl, Doc. 1, ¶ 1.) C.F. participated in CNE's "Social Communication" program. (*Id.* at

¶ 8.) This program helped C.F. deal with his disability-induced behavioral issues. (*Id.* at ¶¶ 12-13.) As one form of behavioral treatment, the program directed C.F. to make lists of people who upset him. (*Id.* at ¶ 15.) These lists allowed C.F. to calm down when C.F. felt upset. (*Id.* at ¶ 16.)

On October 14, 2022, C.F. prepared one of these lists. (Compl., Doc. 1, ¶ 17.) Other CNE students learned of C.F.'s list, believing it to be a "hit list." (*Id.* at ¶¶ 17, 19.) That is, the students believed C.F.'s list was a list of people that C.F. intended to kill. (*Id.*) Students told their parents about the list. (*Id.* at ¶ 19.) The parents then informed CNE of what they perceived to be a threat to their students' safety. (*Id.*) The school, in turn, informed law enforcement. (*Id.* at ¶¶ 19-21.) Law enforcement investigated the matter and quickly discovered that there was no actual threat to the students. (*Id.* at ¶ 25.)

Nevertheless, parents and the media continued to raise concerns over the incident. (Compl., Doc. 1, ¶ 25.) Stephanie Lloyd made a public Facebook post stating that "[a] certain child with violent tendencies and a history of violent behavior made a 'hit list'" and that the student should be criminally charged for his behavior. (*Id.* at ¶¶ 27-28.) Amber Werner replied to this post. (*Id.* at ¶ 28.) These individuals, as well as other parents, made several other public posts on social media regarding the incident. (*Id.* at ¶ 30.) As a result, C.F. and Plaintiffs were harassed to such an extent that they were forced to move. (*Id.* at ¶ 31.)

On April 27, 2023, Plaintiffs brought the present action against CNE, Laura Nazarene, Charles Boothby, Robert Lloyd, Stephanie Lloyd, Amber Werner, Various John Does 1-10, and Various Jane Does 1-10. (Compl., Doc. 1, ¶¶ 32-90.) Plaintiffs bring claims

of negligence and a violation of the Family Educational Rights and Privacy Act ("FERPA") against CNE. (*Id.* at ¶¶ 32-49, 86-90.) Plaintiffs also bring claims of libel and false light against Stephanie Lloyd, Robert Lloyd, and Amber Warner. (*Id.* at ¶¶ 68-76.) Finally, Plaintiffs bring a claim of negligent infliction of emotional distress against all Defendants. (*Id.* at ¶¶ 50-67.)

## LAW

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept all allegations of material fact as true and must construe such allegations in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Courts are not bound to do the same for a complaint's legal conclusions. *Id.* at 555.

Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

## ANALYSIS

CNE, Laura Nazarene, Charles Boothby, Robert Lloyd, and Stephanie Lloyd now

separately move to dismiss claims brought against them under Federal Rule of Civil Procedure 12(b)(6). (*See* Motions to Dismiss, Docs. 16, 18-19.) The Court will first consider Plaintiffs' only federal claim, which alleges that CNE violated FERPA. (Compl., Doc. 1, ¶¶ 86-90.)

CNE argues that Plaintiff's FERPA claim must be dismissed because Plaintiffs lack a private right of action to bring this claim. (*See* CNE Motion to Dismiss, Doc. 16, Pg. ID 208.) Plaintiffs do not disagree with CNE's assertion. (*See* Plaintiff's Response, Doc. 21.) To be sure, the law is well-established that no private right of action under FERPA exists. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002); *Bevington v. Ohio Univ.*, 93 F. App'x 748, 750 (6th Cir. 2004). Because Plaintiffs have no private right of action under FERPA, the claim must be dismissed.

Having concluded that Plaintiffs' sole federal claim should be dismissed, the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction." *Wayne Watson Enterprises, LLC v. City of Cambridge*, 243 F. Supp. 3d 908, 928-29 (S.D. Ohio 2017) (quoting 28 U.S.C. § 1367(c)(3)). "The Sixth Circuit routinely emphasizes this provision in holding that a federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims." *Id.* (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). Courts should consider principles of federalism and comity in determining whether to exercise supplemental jurisdiction, and needless decisions of state law should be avoided.

*Id.*

Plaintiffs' FERPA claim against CNE—which provided this Court with original jurisdiction—is dismissed. Only Plaintiffs' state law claims against Defendants remain. Given the early stage of this litigation, as well as Ohio's interest in interpreting and applying its own laws, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Thus, Plaintiffs' state law claims are dismissed without prejudice. *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001).

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Plaintiffs' FERPA claim against Defendant Clermont Northeastern Middle School is **DISMISSED WITH PREJUDICE**;

2. Plaintiffs' remaining state law claims against Defendants are **DISMISSED WITHOUT PREJUDICE**;

3. Defendants Clermont Northeastern Middle School, Laura Nazarene, and Charles Boothby's Motion to Dismiss (Doc. 16) is **GRANTED IN PART AND DENIED AS MOOT IN PART**;

4. Defendant Robert Lloyd's Motion to Dismiss (Doc. 18) is **DENIED AS MOOT**; and

5. Defendant Stephanie Lloyd's Motion to Dismiss (Doc. 19) is **DENIED AS MOOT**.

5

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND